**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose ORTIZ–VARELA, Defendant– Appellant.**

**No. 11–50280.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed Feb. 23, 2012.

Scott Michael Lesowitz, Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff– Appellee.

Harini P. Raghupathi, Esquire, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Jose Ortiz–Varela appeals from the 46– month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ortiz–Varela contends the district court procedurally erred by placing excessive weight on the need for deterrence, to the exclusion of the other 18 U.S.C. § 3553(a) sentencing factors. The record reflects that the district court properly considered the section 3553(a) sentencing factors, provided ample explanation for the sentence, and did not otherwise procedurally err. *See United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc); *United States v. Gutierrez–Sanchez,* 587 F.3d 904, 908 (9th Cir.2009) ("The weight to be given the [section 3553(a) ] factors in a particular case is for the discretion of the district court.").

Ortiz–Varela also contends the above-Guidelines sentence is substantively unreasonable because: (1) it is longer than necessary to promote deterrence; (2) he has effectively eliminated his primary impetus for reentry; and (3) his prior sentences

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

were "effectively illegal." In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, the sentence is substantively reasonable. *See United States v. Higuera–Llamos*, 574 F.3d 1206, 1211–12 (9th Cir.2009) (substantively reasonable sentence where appellant's previous 18–month sentence for illegal reentry was insufficient deterrence as "he committed the same crime only a month after his previous release and subsequent deportation.").

**AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.